Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C ~~7378~~ 7338 | **DATE** | 3/18/2003 |
| **CASE TITLE** | Douglas Press, Inc. vs. Tabco, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for limited reconsideration of the court's claim construction memorandum opinion and order [72-1] is granted in part and denied in part. Defendants' request for clarification is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | MAR 19 2003 date docketed | 91 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | G·L docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 3/18/2003 date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MAR 1 9 2003

| | |
|---|---|
| DOUGLAS PRESS, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. 00 C 7338 |
| v. | ) ) Magistrate Judge ) Martin C. Ashman |
| TABCO INC., a Delaware corporation, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In September of 2002, this Court issued a Memorandum Opinion and Order construing the disputed claim terms of United States Patents Numbers 5,046,737 and 5,407,200.[1] *Douglas Press, Inc. v. Tabco Inc.*, No. 00 C 7338, 2002 WL 31040351, at *3-8 (N.D. Ill. Sept. 11, 2002). Plaintiff Douglas Press, Inc. subsequently filed a motion for limited reconsideration of the Court's claim construction of the '737 patent. Defendants Tabco Inc., Tabco Canada, and Specialty Print (collectively "Tabco") responded and additionally requested clarification of the Court's construction of the '737 patent.[2] The following represents the Court's reconsideration of the claim construction.

---

[1] The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).

[2] Tabco also requested clarification with respect to the '200 patent, however, it did not brief this issue or even explain what needed to be clarified. Thus, the Court considers this request to be waived.

## I. Discussion

Although motions to reconsider are not explicitly provided for in the Federal Rules of Civil Procedure, such motions are routinely presented. Courts commonly treat these motions as if they fall under the scope of Rule 59(e), which provides for the amendment of judgments, even when they are requests to reconsider orders instead of final judgments. *See e.g. Rasho v. Snyder*, 2003 WL 716578, at *3 (S.D. Ill. Feb. 28, 2003) (noting that if motions to reconsider are "filed within ten days of the entry of the judgment or order in the case, the motions are construed as motions to alter or amend under Federal Rule of Civil Procedure 59(e)"). Rule 59(e) should be used to direct a court's attention to newly discovered evidence or a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The rule allows the court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Nevertheless, it is not an opportunity for a disappointed party to rehash the same arguments that it raised earlier. *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). The motion for reconsideration is appropriate when:

> The Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1993)).

Because the September 11, 2002 Opinion partially went outside the adversarial issues presented to us by the parties, we will reconsider the issues raised by the parties.

### A. Simultaneous Revelation

Douglas Press first asks the Court to reconsider its construction of the language of Claim 1 of the '737 patent which states as follows: "said master game card including means for identifying at least one of said eligible players, and selectively removable means for concealing said identifying means prior to establishing all of said eligible game players for providing a second level of play . . . ." (U.S. Patent No. 5,046,737 col. 5, ll. 32-36.) The parties disagreed whether this meant that the player or players identified at the second level of play are "predetermined," but the Court agreed with Douglas Press that the player or players are "predetermined." *Douglas Press*, 2002 WL 31040351, at *6. We first found that "the concealing structure [the selectively removable means for concealing the identifying means] is limited to a single portion of the upper ply," and then concluded that "if more than one predetermined identifier is concealed prior to the play of the game, then all must be revealed simultaneously during the game." *Id.*

Douglas Press asks the Court to reconsider its determination that the identifiers must be revealed simultaneously, although it is really also asking the Court to reconsider its determination that the concealing structure is one single portion of upper ply, and one portion only. Tabco responds that if the master card has more than one concealing structure at the second level of play then the player/s is/are not predetermined because there is nothing in the claim requiring all

-3-

identifiers to be revealed. Neither party had previously argued that the identifiers must be revealed simultaneously.

We agree with Douglas Press that the concealing structure does not have to be limited to a single portion of the upper ply and thus modify our prior decision. The language of the claim does not require a single portion of upper ply, but does allow for the identification of more than one eligible player. (U.S. Patent No. 5,046,737 col. 5, ll. 32-33.) No limitation is found in the claim requiring the multiple identifiers to be necessarily concealed by a single portion of upper ply. The preferred embodiment of the patent, as found in the specification, provides for the possibility of multiple portions of selectively removable upper ply at the second level. It states that the "master game card further includes an arrangement whereby at least one [one or more] of the listed, eligible players is identified . . . . [as] provided by at least one [one or more] bonus player identifier[s] on the insider surface of the lower ply of the master game card . . . ." (U.S. Patent No. 5,046,737 col. 4, ll. 3-8.) The identifier/s is/are concealed "by a selectively removable flap-like portion . . . of the upper ply of the master game card." (U.S. Patent No. 5,046,737 col. 4, ll. 9-11.) The word "a" in the preceding sentence does not refer to one single flap because it refers back to the one or more identifiers. The specification provides that while the preferred embodiment includes only a single identifier, "a plurality of such identifiers can alternately be provided, whereby a like plurality of the eligible players become further eligible to play the 'bonus section.'" (U.S. Patent No. 5,046,737 col. 4, ll. 23-27.)

The Court disagrees with Tabco that the claim language "so that said selected one of said eligible players can determine the award" (at column 6, lines 1-2) must be interpreted as limiting the number of players advancing to the third level to only one. The words "said selected one"

refers back to column 5, line 33 ("at least one of said eligible players") where "at least one" is interpreted as "one or more."

This interpretation is consistent with a finding that the player/s is/are predetermined. At least one player must win at the second level and go on to the next level. (U.S. Patent No. 5,046,737 col. 5, l. 33.) If there is more than one flap, there must be either an identifier under both flaps (if only one flap is opened), or, both flaps must be opened. They do not have to be opened simultaneously.

Because we made our decision outside the adversarial issues that were presented to us, this motion for reconsideration is well-taken, and granted in part.

### B. Award Value

Douglas Press next asks the Court to reconsider its interpretation of the following claim language:

> Said master game card further including award identifying means comprising a plurality of award values displayed on said master game card, and selectively removable means for concealing said award values, **so that said selected one of said eligible players can determine the award to be received by removing the concealing means associated with one of said award values for providing a third level of play**.

(U.S. Patent No. 5,046,737 col. 5, ll. 37-40 & col. 6, ll. 1-4 (emphasis added).) Specifically, Douglas Press takes umbrage with the Court's finding that Tabco's proposed claim construction was correct, i.e. that the "proper construction of the sixth element of Claim 1 is that it allows a bonus player to remove only one concealing means associated with one award value." *Douglas Press, Inc*, 2002 WL 31040351, at * 7. Douglas Press urges the Court to reject this finding and

instead adopt its proposed claim construction. It argues that the Court's construction improperly limits the definition of the term "award value," and that the proper definition would allow an "award value" to be disclosed by a single symbol (single indicia) or a plurality of symbols (multiple indicia).

The Court carefully considered this issue in its prior decision. After reviewing all the materials submitted by the parties and the claim language of the '737 patent itself, the Court held that the Defendant's proposed claim construction was correct. Douglas Press has not demonstrated that the Court's ruling was outside the issues presented by the parties, nor do we find that we patently misunderstood either party. *See Bank of Waunakee*, 906 F.2d at 119 (quotation omitted). For these reasons, the motion for reconsideration is not well-taken, and Plaintiff's motion to reconsider is denied in part.

### C. Request for Clarification

Tabco, in its Response to Plaintiff's motion for reconsideration, adds its own "request for clarification" of the Court's construction of lines 28 through 31 of Claim 1 which read as follows: "means for establishing the eligibility of a plurality of selected game players having playing cards predetermined selected ones of said game symbols." Tabco states that the Court "attempts to make some sense of the claim language" when it adopted Plaintiff's suggested meaning for the claim terminology.

It is clear that Tabco is simply rehashing arguments that it made in its Markman briefs. The Court carefully considered the arguments made by both parties when it construed Claim 1 of the '737 patent. The Court adopted Plaintiff's claim construction instead of Tabco's, but this is

no reason for us to now "clarify" or reconsider our opinion. *See Oto*, 224 F.3d at 606 ("'manifest error' is not demonstrated by the disappointment of the losing party"). Tabco's request for clarification is denied.

## II. Conclusion

For the foregoing reasons, this Court grants Plaintiff's motion for limited reconsideration of the Court's claim construction of the '737 patent to the extent that the '737 patent does not require all second level winners to be revealed simultaneously contrary to this Court's earlier Order. The remainder of Plaintiff's motion for limited reconsideration is denied. Defendants' request for clarification is denied.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** March 18, 2003.