Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7338 | **DATE** | 5/17/2004 |
| **CASE TITLE** | Douglas Press, Inc. vs. Tabco Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]



**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___ __.

(3) ☐ Answer brief to motion due__ ___. Reply to answer brief due_ ____ .

(4) ☐ Ruling/Hearing on ___ __ set for _____ _ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ _ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at __ __.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to __ __ at __ ___.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter memorandum opinion and order. Defendants' motion for leave to file an amended answer to the second amended complaint.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 1 7 2004 | |
| | Notified counsel by telephone. | | date docketed | 114 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice | |
| IS | courtroom deputy's initials | 2004 MAY 17 PM 4:58 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DOUGLAS PRESS, INC.,               )
an Illinois corporation,           )
                                   )
                    Plaintiff,     )          Case No. 00 C 7338
                                   )
        v.                         )          Magistrate Judge
                                   )          Martin C. Ashman
TABCO INC., a Delaware corporation, et al., )
                                   )
                    Defendants.    )

## MEMORANDUM OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 15(a), Defendants Tabco Inc., Tabco Canada, and Specialty Print (collectively "Tabco") have filed a motion for leave to file an amended answer to the second amended complaint. Plaintiff Douglass Press, Inc. objects to this motion. The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(a). For the following reasons, Tabco's motion is granted.

### I.    Background

In January of 2002, Douglas Press filed a second amended complaint alleging infringement of United States Patent No. 5,046,737 ("the '737 patent"). Tabco timely answered the second amended complaint, denied infringement of the '737 patent, and alleged that the '737 patent was invalid. Discovery ensued, and Tabco asserts that it recently obtained corroborating evidence supporting a defense of inequitable conduct by Douglas Press. It filed its motion to

amend its answer on March 31, 2004. Douglas Press responds that the theory and facts behind the inequitable conduct defense, which include the testimony of a "disgruntled" former employee of Douglas Press, have been publically available to Tabco since approximately 1996. The employee's testimony was given to Tabco in 2002 during discovery of the instant case. Tabco responds that corroboration for the employee's testimony was found during depositions taken in late 2003. The deadline for the amendment of pleadings was March 11, 2003.

## II.  Discussion

Rule 15(a) provides that leave to amend responsive pleadings "shall be freely given when justice so requires." Nevertheless, the court may deny leave to amend where the exists "undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.2d 854, 861 (7th Cir. 2001). The discretion to grant or deny a motion to amend remains with the trial court. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). Douglas Press argues that the motion to amend should be denied because Tabco unduly delayed in seeking to amend its answer because it knew the facts behind the inequitable conduct allegations several years ago. It also argues that the proposed amendment will prejudice Douglas Press because the close of consolidated discovery May 31, 2004, and it will need to take discovery from third parties. Finally, Douglas Press argues that the inequitable conduct charge is a compulsory counterclaim, that having not been pled, has been waived.

The Court finds that Tabco did not unduly delay in seeking leave to amend its answer. As with fraud, allegations of inequitable conduct must be pled with particularity. Fed. R. Civ. P.

9(b); *Heidelberg Harris, Inc. v. Mitsubishi Heavy Indus., Ltd.*, 95 C 0673, 1996 WL 680243, at *2 (N.D. Ill. Nov. 21, 1996) (noting that inequitable conduct must be pled with the specificity requirements of Rule 9(b)). Tabco does not deny that it knew at a much earlier date of the former employee's testimony revealing that the inventor of the '737 patent and others at Douglas Press were aware of relevant seal card games before the Douglas Press Bonus 300 game at issue was invented. This testimony was allegedly confirmed in depositions taken last year. Allegations of inequitable conduct are serious and we cannot fault Tabco for waiting for further evidence before filing such an affirmative defense, especially keeping in mind Rule 11 of the Federal Rules of Civil Procedure. Although Douglas Press disputes that such confirmation was necessary, it still asserts that the employee's testimony has been discredited. If the evidence were not reliable, it would be all the more reason for Tabco to wait to file its allegations.

Even if Tabco had unduly delayed in seeking leave to amend, we would still grant the motion because we also find that Douglas Press will not suffer undue prejudice if the proposed amendment is allowed. While the court will consider delay as one factor when deciding whether to grant a motion to amend, it must also find that the non-movant has suffered undue prejudice. *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994); *Stone Container Corp. v. Arkwright Mut. Ins. Co.*, No. 93 C 6626, 1996 WL 238904, at *3-5 (N.D. Ill. May 2, 1996) (holding that even if the plaintiff did not provide a sufficient explanation for the delay, a complaint may be amended unless it burdens or causes undue prejudice to the defendant). Almost every amendment will result in some prejudice to the non-moving party, therefore the question is whether the prejudice is undue. *Bell v. Am. Med. Ass'n*, 00 C 0573, 2000 WL 1367946, at *2 (N.D. Ill. Sept. 15, 2000).

Douglas Press' claims of prejudice center on the imminent close of discovery. It claims that it will have to take additional discovery from third parties which will take considerable time and resources. Tabco's affirmative defenses, however, include a claim that the '737 patent was not patentable over the prior art, including the seal card games at issue in the inequitable conduct defense. Tabco now seeks to add an allegation that Douglas Press knew of the prior art. Because the invalidity and inequitable conduct defenses are closely related, Douglas Press will not be unduly prejudiced by the amendment. *See Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (finding no undue prejudice where claim was similar to those in original complaint). If it needs to extend the discovery deadline, it will have to ask the court for additional time. Tabco could not in good conscience object to another extension, where the reason for the extended discovery was the amendment to its answer.

Finally, the Court finds that Tabco's claims of inequitable conduct do not constitute a compulsory counterclaim. Inequitable conduct is recognized as an affirmative defense. *E.g., Int'l Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1376-77 (Fed. Cir. 2004); *Abbott Labs. v. TorPharm, Inc.*, 300 F.3d 1367, 1379-80 (Fed. Cir. 2002). We will allow Tabco leave to amend its answer to add an affirmative defense of inequitable conduct. *See cf. Mercexchange, LLC v. eBay, Inc.*, 271 F. Supp. 2d 784, 789 (E.D. Va. 2002).

### III. Conclusion

For the reasons above, the Court grants Defendants' Motion for Leave to File its

Amended Answer.

**ENTER ORDER:**

**MARTIN C. ASHMAN**

**Dated:** May 17, 2004.　　　　　　　　　　　United States Magistrate Judge

- 5 -

Copies have been mailed to:

RICHARD D. HARRIS, Esq.
HERBERT H. FINN, Esq.
Greenberg Traurig, L.L.P.
77 West Wacker Drive
Suite 2500
Chicago, IL 60601

Attorneys for Plaintiff

RICHARD A. ZACHAR, Esq.
BRUCE A. RADKE, Esq
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003

Attorneys for Defendants